# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GILBERTO C. FARIAS MATOS,**

    **Plaintiff,**

v.                                            Case No: 6:18-cv-1105-Orl-31DCI

**LEXINGTON PLACE CONDOMINIUM ASSOCIATION, INC., BUSINESS LAW GROUP, P.A. and LM FUNDING, LLC,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 36) filed by Defendant LM Funding, LLC (henceforth, "LM Funding") and the response in opposition (Doc. 39) filed by the Plaintiff, Gilberto C. Farias Matos.[1]

According to the allegations of the Amended Complaint (Doc. 33), which are accepted in pertinent part as true for purposes of resolving this motion, Plaintiff is a condominium owner who is suing his condominium association, Lexington Place Condominium Association, Inc. (the "Association") in a dispute over allegedly unpaid maintenance fees. Plaintiff is also suing Business Law Group, P.A. ("BLG"), a debt-collecting law firm, and LM Funding, which retained BLG. The Plaintiff's initial Complaint (Doc. 1) asserted claims against these three defendants under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer

---

[1] In the Amended Complaint (Doc. 33), the instant motion and the response, rather than referring to him by a shortened version of his name, the parties both refer to the Plaintiff as "Plaintiff". As the undersigned is unsure whether Plaintiff's name would properly be shortened to "Matos" or "Farias Matos," this order will refer to the Plaintiff the same way as the parties have.

Collection Practices Act ("FCCPA").  The claims were based on two letters sent by BLG, notifying Plaintiff that BLG would foreclose if the Plaintiff did not pay the disputed fees, and a subsequently filed lien foreclosure suit.  On November 1, 2018, the Court dismissed the claims against LM Funding on the grounds that the Plaintiff had failed to "specify the actions taken by LM Funding that allegedly violated" the FDCPA and the FCCPA.  (Doc. 32 at 1).

On December 6, 2018, the Plaintiff filed the Amended Complaint (Doc. 33).  In it, Plaintiff again asserts claims under the FDCPA and FCCPA based on the same letters and lien foreclosure suit.  By way of the instant motion, LM Funding seeks dismissal of the claims asserted against it in the Amended Complaint, arguing that the Plaintiff has again failed to set forth the actions taken by it that violated either statute.  (Doc. 36 at 6).

The Plaintiff responds with, *inter alia*, three full pages of block-quoted text taken from the Amended Complaint.  (Doc. 39 at 3-6).  Much of the quoted text refers to actions taken by LM Funding or its relationship with the Association and with BLG.  As an example, the first four paragraphs of quoted material read as follows:

> 55. Prior to 2016, Defendant LM Funding acquired delinquent accounts for maintenance assessments owed to the Association, including the account related to the Property, pursuant to an agreement between itself and the Association.
>
> 56. Plaintiff requested a copy of that agreement on November 21, 2018. The material terms of that agreement, in part and on information and belief, are set forth herein.
>
> 57. Pursuant to that agreement, LM Funding paid the Association, in whole or in part, the outstanding assessments allegedly due from Plaintiff.
>
> 58. The agreement between LM Funding and the Association provides for LM Funding, at its expense, to collect the Association's delinquent assessments, accrued late interest and administrative costs, as well as attorneys' fees and costs, and exercise the Association's foreclosure rights. LM Funding sought to do precisely that here, as described herein.

(Doc. 39 at 3) (paragraph numbers taken from Amended Complaint). The quoted material continues for another two full pages of the Plaintiff's response, in a similar vein. However, the Plaintiff never explains which actions taken by LM Funding violated the law or how they did so. Instead, immediately following the three pages of quoted material, the Plaintiff states that "[t]hese actions, taken together with the agency allegations, which assert that LM Funding acts through and controls BLG, detail actions taken by LM Funding which violate the FDCPA and the FCCPA."[2] (Doc. 39 at 6).

Thus, the Plaintiff has not shown that the Amended Complaint sets forth any actions directly taken by LM Funding that violated either of the statutes at issue here. However, the reference to "agency allegations" makes it appear that the Plaintiff is seeking to hold LM Funding vicariously liable for actions taken by its (alleged) agent, BLG. Although the FDCPA by its terms only imposes liability on "debt collectors," and BLG is alleged to have performed the relevant debt collection activity here, courts have held that entities that themselves qualify as debt collectors can be held vicariously liable for the actions of other debt collectors under the FDCPA. *See, e.g.*, *Deutsche Bank Trust Co. Americas v. Garst*, 989 F.Supp.2d 1194, 1202 (N.D. Ala. 2013) (citing *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404-05 (3d Cir. 2000)). The Plaintiff has alleged that LM Funding satisfies the statutory definition of a debt collector[3] and that BLG

---

[2] The Plaintiff does go on to analyze each count of the Amended Complaint, purporting to explain how LM Funding violated the pertinent statute in each one, but all of the actions Plaintiff cites to were either (1) taken by BLG or (2) are apparently innocuous allegations, such as that LM Funding "was the decision maker regarding settlement and amounts owed." (Doc. 39 at 7).

[3] The FDCPA defines "debt collector" as, *inter alia*, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts". 15 U.S.C. § 1692a(6). In the Amended Complaint, the Plaintiff has alleged that the principal purpose of LM Funding's business is the collection of debt, Doc. 33 at 3, and that it regularly uses the mails, Doc. 33 at 4.

acted as its agent here. *See* Doc. 33 at 2. Thus, the Amended Complaint contains allegations that would allow the Plaintiff to proceed against LM Funding under a vicarious liability theory as to his FDCPA claims. In addition, liability under the FCCPA is not limited to "debt collectors," meaning that any principals may, at least in theory, be held vicariously liable for the actions of their agents under that statute. *See Agrelo v. Affinity Management Services, LLC*, 841 F.3d 944, 953 (11th Cir. 2016) (stating that question of whether HOA could be held vicariously liable for FCCPA violations of its agents – its law firm and its property manager – "is one of Florida [agency] law."). At this stage of the proceedings, these allegations are sufficient. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 36) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 1, 2019.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE