# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GILBERTO C. FARIAS MATOS,**

    **Plaintiff,**

v.                                                                 Case No:   6:18-cv-1105-Orl-31DCI

**BUSINESS LAW GROUP, P.A. and LM FUNDING, LLC,**

    **Defendants.**

## ORDER

This Matter comes before the Court on the Motions for Summary Judgment (Docs. 89, 91, 92, and 118), Responses (Docs. 100, 101, 103, and 104), and Replies (Docs. 115, 119, 122, and 124) filed by: the Plaintiff; Business Law Group, P.A. ("BLG"); and LM Funding, LLC ("LMF").

### I. Background

The Plaintiff, a resident of Brazil, owns property that is subject to assessments imposed by the Lexington Place Condominium Association, Inc. ("Association")[1] The Plaintiff executed a Power of Attorney that allowed Rodrigo Alves to negotiate, purchase, and encumber the property, among other things, and the Plaintiff hired Elizabeth Morales to represent him in matters related to the rental of the Property. Morales managed the property, which was leased from May 2016 to May 2020. According to the Plaintiff, Alves kept him informed of things that went on with the property,

---

[1] The Association is no longer a party to this suit. However, LMF has a Purchase Agreement between it and the Association under which delinquent accounts are assigned to LMF, as discussed at more length below. The relationship between BLG and LMF is disputed. The Plaintiff claims that BLG was retained by LMF under the Purchase Agreement.

including all of the events at issue in the instant case. Doc. 89 at 4. The Plaintiff testified that his agent made all monthly assessment payments from March 2017 through July 2017 on his behalf.

The Plaintiff alleges that the defendants violated federal and state debt collection practices acts while attempting to collect allegedly overdue maintenance fees from him, beginning with debt collection letters sent by BLG on July 19, 2017 and August 23, 2017. On September 8, 2017, BLG recorded a Claim of Lien against the property, and it filed a Lien Foreclosure Complaint on October 30, 2017. BLG provided the Plaintiff with a ledger dated November 20, 2017. The Plaintiff disputes the accuracy of that balance, because it included assessments from April 1, 2016 through December 31, 2016, as well as from June and July of 2017. Doc. 89 at 9. The Plaintiff has brought claims against both parties under the Federal Fair Debt Collection Practices Act ("FDCPA") and against BLG under the Florida Consumer Collection Practices ("FCCPA").[2]

## II.     Legal Standard

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"). The Court

---

[2] The FCCPA claims against LMF have been dismissed with prejudice. Doc. 98.

must consider all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

**III. Analysis**

    **a. Standing**

LMF and BLG both argue that the Plaintiff lacks standing, because he has failed to show that he suffered a concrete, particularized injury for what are described as "indirect" communications. However, the Plaintiff has alleged that he was the object of allegedly false, deceptive, or misleading representations in connection with the collection of a debt. Accordingly, the Plaintiff has shown that he "has suffered injury in precisely the form the FDCPA was intended to guard against," and he "need not allege any additional harm beyond the one Congress has identified." *Prindle v. Carrington Mortg. Servs., LLC*, No. 3:13-cv-1349-J-34PDB, 2016 WL 4369424, at *9 (M.D. Fla. Aug. 16, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016)) (internal quotations omitted).

    **b. "Debt" under the FDCPA and FCCPA**

The debt at issue is made up of past due condominium association fees. BLG and LMF argue that, because the past due fees relate to an investment property, it is not debt for purposes of the FDCPA. The FDCPA[3] defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). There is some evidence that, when the Plaintiff purchased the property, he intended to use it personally. *See* Doc. 88-2 at

---

[3] The FCCPA defines "debt" identically.

84. Thus, there exists a genuine issue of material fact with respect to whether or not the subject fees constitute debts under the FDCPA and the FCCPA.

### c. LMF as a "Debt Collector"'

LMF argues that it is not a debt collector within the meaning of the FDCPA. "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a. Although the FDCPA by its terms only imposes liability on "debt collectors," and BLG is alleged to have performed the relevant debt collection activity here, courts have held that entities that themselves qualify as debt collectors can be held vicariously liable for the actions of other debt collectors under the FDCPA. *See, e.g.*, *Deutsche Bank Trust Co. Americas v. Garst*, 989 F.Supp. 2d 1194, 1202 (N.D. Ala. 2013) (citing *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404-05 (3d Cir. 2000) ).

In essence, Lexington Place Condominium Association hired LMF as its agent to collect delinquent assessments. As stated in the Purchase Agreement between the two parties,"LMF, at its expense, collects an Association's delinquent assessments, accrued late interest and administrative fees, and exercises its foreclosure rights." Doc. 92-1 at 1.

In order to collect the Association's delinquent accounts, the Agreement appoints LMF to represent the Association and authorizes it to hire BLG as Attorney in Fact for the Association. Doc. 92-1 at 3. The Purchase Agreement also authorizes LMF to issue invoices for delinquent assessments and collect and receive deposit payments thereon. In addition, LMF may file suit on behalf of the Association for collection of delinquent assessments, including the foreclosure of liens,

and "enforce all other rights of Association with respect to the collection of Delinquent Assessment . . . ." Doc. 92-1 at 3-4.

LMF's compensation for acting as the Association's collection agent is by way of an elaborate scheme where LMF purchases delinquent assessments and obtains an assignment of the collection proceeds. Once the collection proceeds are received, they are divided between LMF and the Association pursuant to a waterfall payment provision. Doc. 92-1 at 3.

Contrary to LMF's semantic denial, the contact between LMF and the Association clearly establishes that LMF is acting as a debt collector for the Association.

### d. Violations of the FDCPA by BLG and LMF and of the FCCPA by BLG

The Court declines to address each alleged violation of the FDCPA and the FCCPA in detail. After reviewing the parties' briefs and the evidence submitted, it is clear that there remain genuine issues of material fact with respect to whether BLG and LMF violated the FDCPA. No party is entitled to summary judgment on the alleged FDCPA and FCCPA violations. [4]

BLG argues that Florida's litigation privilege bars the FCCPA claims against it. The Plaintiff contends that BLG waived that affirmative defense by failing to raise it prior to moving for summary judgment. BLG does not respond to this argument in its Reply. Because BLG failed to raise the litigation privilege defense prior to summary judgment, it has waived that affirmative defense.

### IV. Conclusion

For the foregoing reasons, all pending Motions for Summary Judgment (Docs. 89, 91, 92, and 118) are **DENIED**.

---

[4] The allegations that LMF violated the FCCPA have already been dismissed with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 30, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party