# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GILBERTO C. FARIAS MATOS,**

    **Plaintiff,**

**v.**                                                                **Case No: 6:18-cv-1105-Orl-31DCI**

**BUSINESS LAW GROUP, P.A. and LM FUNDING, LLC,**

    **Defendants.**

## ORDER

This matter is before the Court on Defendants' *Daubert* motion to exclude the testimony of Plaintiff's expert witness Arnold Kanov (Doc. 107 and 110). Plaintiff opposed the Motion (Doc. 112).

**I.**    **Background.**

In this case, Plaintiff, Gilberto C. Farias Matos ("Matos") has sued Business Law Group, PA ("BLG") and LM Funding, LLC ("LMF") for violation of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA"). In 2016, Plaintiff purchased a home in and became a member of the Lexington Place Condominium Association ("Lexington"). The claims in this case arise out of Lexington's effort to collect past-due fees, costs, and assessments from Plaintiff.[1]

LMF is a debt collector. LMF entered into an agreement with Lexington to pursue debt collection efforts against Matos. LMF hired BLG to assert legal claims against Matos as part of

---

[1] Matos has settled with Lexington.

the debt collection process. *See* Order Denying Motions for Summary Judgment, Doc. 131 at 1 n.1.

In order to support his claim that Defendants violated the Acts, Plaintiff retained Arnold Kanov. Mr. Kanov is a retired CPA who is now president of Association Analytics Group which develops software and consults with the community association industry to calculate the maximum amount of interest chargeable to delinquent owners. Doc. 107-1 at 176-78. He has a Bachelor of Science degree in statistics from the University of Florida and a certificate in accounting from the University of Miami. *Id*.

Mr. Kanov's report, dated January 29, 2019, presents the results of his review of the account ledgers and other documents relating to the amounts, including the interest component, being charged by Lexington. Doc. 107-1 at 187-92. This review included an analysis of the interest being sought, the charges posted to the ledger, and an analysis of the total amount sought. *Id*. at 188. Kanov concludes that the amount of interest being demanded by Defendants exceeds the 18% statutory limit authorized in Lexington's Declaration. He attributes this conclusion to three primary factors: (1) the failure to properly post payments to Matos's ledger; (2) the utilization of a flawed formula to calculate interest; and (3) calculating interest on amounts not yet due. *Id.* Finally, Kanov notes that when Matos purchased this unit, Lexington assessed charges that had already been paid, thus triggering late fees, interest, and other costs that should not have been charged.

**II.     Legal Standard.**

By their Motion, Defendants contend that Kanov's testimony should be excluded because it does not meet the standard for admission under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993).

Under Rule 702,

> [e]xpert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcros Chemicals, Inc.,* 158 F.3d 548, 562-63 (11th Cir. 1998). Under this standard, the Court acts as the evidentiary gatekeeper. *See Daubert,* 509 U.S. at 592-93; *see generally Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999). In performing the gatekeeping function, District Courts "ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation expert testimony." *Superior Consulting Servs. v. Shaklee Corp.*, No. 6:16-cv-2001-Orl-31GJK, 2018 WL 2323433 at *4 (M.D. Fla. May 22, 2018) (quoting *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005)) (internal quotation marks omitted).

**III.    Analysis.**

Defendants contend that Mr. Kanov is not qualified to testify as an expert in this case, because the calculation of interest is a simple formula that does not require expert testimony. Doc. 107 at 3 n.1.  But Mr. Kanov does more than just calculate interest on a specific amount, at a specified rate, and over a particular time period.  Rather, he will analyze the account ledgers to determine whether the charges assessed against Plaintiff were properly calculated, including the interest rate charged and the timing of such charges.  That testimony would be of assistance to the jury, and Mr. Kanov appears to be well-qualified to use reliable principles of accountancy to render these opinions.  Finally, Defendants' specific objections to his qualifications go to the weight of his testimony, not its inherent admissibility.   It is, therefore

**ORDERED** that Defendants' Motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 5, 2019.



Copies furnished to:

Counsel of Record
Unrepresented Party